UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH SHERROD-LUGO,

       Plaintiff,

                                    Case No. 22-10447

   v.

                                    Hon. George Caram Steeh

FAMILY DOLLAR STORES
OF MICHIGAN, LLC, *et al.*,

       Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 24)

    Defendant, Family Dollar Stores of Michigan, LLC, seeks summary

judgment in its favor. For the reasons explained below, Defendant's motion

is granted.

BACKGROUND FACTS

    This lawsuit arises out of an altercation between a customer and

employees of a Family Dollar Store in Detroit. Plaintiff Deborah Sherrod-

Lugo purchased socks from the store sometime in April 2019. Once she

arrived home, she noticed that the store had not removed the anti-theft tag.

She later returned the socks to the store to have the tag removed, leaving

them at the counter. After she completed her shopping that day, she forgot about the socks and left the store.

When Sherrod-Lugo returned to the store the employee who removed the tag was not there; another employee said she would have to look at the store surveillance video in order to confirm Sherrod-Lugo's entitlement to the socks. Sherrod-Lugo came back later that week to inquire about the socks. Subsequent events were captured on the store surveillance video, which shows Sherrod-Lugo pointing and appearing to argue with store employees. (The video does not have sound.) The arguing continues for several minutes, and one of the employees waves her arms in the direction of the door, appearing to suggest that Sherrod-Lugo leave. An employee places her hand on Sherrod-Lugo's arm, apparently to guide her to the door. Sherrod-Lugo reacts by swinging at the employee, and the situation escalates as three employees tussle with Sherrod-Lugo, eventually throwing her out of the store and on to the sidewalk. Sherrod-Lugo contends that she was beaten and injured by the store employees.

Plaintiff sued Family Dollar Stores of Michigan, LLC, under theories of premises liability and respondeat superior. Defendant seeks dismissal or summary judgment in its favor.

- 2 -

<u>LAW AND ANALYSIS</u>

Defendant seeks relief under both Rule 12(c) and Rule 56. Given the procedural posture of this case and that discovery is closed, the court will proceed under Rule 56. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. *Anderson*, 477 U.S. at 252.

Plaintiff styles her first count against Defendant as "premises liability – negligence," alleging as follows:

> Defendant did not keep the premises in a reasonably safe
> condition, nor did they warn the Plaintiff of dangers of

which the Plaintiff could not have reasonably been
expected to discover when they hired people as managers
and employees to work on the premises who had violent
propensities and anger issues and where they would come
into contact with the Plaintiff and others like her and use
great force and violence to settle a simple business
dispute.

ECF No. 5 at ¶ 28. The substance of Plaintiff's claim is not premises

liability, however, because she is not complaining that she was injured due

to a condition existing on the land. *See Buhalis v. Trinity Continuing Care*

*Servs.*, 296 Mich. App. 685, 692, 822 N.W.2d 254, 258 (2012) ("If the

plaintiff's injury arose from an allegedly dangerous condition on the land,

the action sounds in premises liability rather than ordinary negligence.")

(citing *James v. Alberts*, 464 Mich. 12, 18-19, 626 N.W.2d 158 (2001)).

Rather, based upon the allegations in the complaint, Plaintiff alleges that

Defendant was negligent in hiring employees with "violent propensities and

anger issues." ECF No. 5 at ¶ 28. *See also* ECF No. 34 at PageID 504

("Defendant was negligent in its hiring and training of its employees which

was the proximate cause of injury to the Plaintiff.").

Plaintiff has provided neither a factual nor legal basis for a premises

liability claim, and has failed to respond to Defendant's argument that

premises liability law is inapplicable here. Therefore, the court considers

Plaintiff's premises liability claim to be abandoned. *Brown v. VHS of*

- 4 -

*Michigan, Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.").

The substance of Plaintiff's claim is negligent hiring and supervision. The "gravamen" of a negligent hiring claim "is that the employer bears some responsibility for bringing an employee into contact with a member of the public despite knowledge that doing so was likely to end poorly." *Mueller v. Brannigan Bros. Restaurants & Taverns LLC*, 323 Mich. App. 566, 574, 918 N.W.2d 545, 552 (2018). This claim "requires actual or constructive knowledge by the employer that would make the *specific* wrongful conduct perpetrated by an employee predictable." *Id.* at 575 (emphasis in original) (citing *Brown v. Brown*, 478 Mich. 545, 553-556, 739 N.W.2d 313 (2007)). "In particular, employers are not expected to anticipate that their employees will engage in criminal conduct without some particularized forewarning thereof." *Id.*

Plaintiff argues that Defendant was negligent in that it failed to conduct background or criminal history checks on its employees. Plaintiff provides no authority, however, for the proposition that such investigations are required under the circumstances. *See Tyus v. Booth*, 64 Mich. App. 88, 92, 235 N.W.2d 69, 71 (1975) (gas station owner "was not required to

conduct an in-depth background investigation of his employee"). Perhaps more important, Plaintiff has not shown that Defendant's employees actually had criminal histories or engaged in previous misconduct about which Defendant knew or should have known. There are no facts suggesting that Defendant knew or should have known that its employees had "violent propensities" or would engage in a physical altercation with a customer. Moreover, there is no authority for the proposition that an employer has a duty to train employees to avoid violent confrontations with customers, which should be obvious. *See Mueller*, 323 Mich. App. at 575 ("[E]mployers are not expected to anticipate that their employees will engage in criminal conduct without some particularized forewarning thereof."). Because Plaintiff has offered no facts supporting her negligent hiring or supervision claim, it must be dismissed.

Plaintiff's second claim against Defendant is respondeat superior or vicarious liability. "The doctrine of respondeat superior is well established in this state: An employer is generally liable for the torts its employees commit within the scope of their employment." *Hamed v Wayne Co*, 490 Mich. 1, 10; 803 N.W2d 237 (2011). Conversely, "the general rule is that an employer is not liable for the torts intentionally or recklessly committed by an employee when those torts are beyond the scope of the employer's

business." *Zsigo v Hurley Med. Ctr.*, 475 Mich. 215, 221; 716 N.W.2d 220

(2006).[1]

> (1) Conduct of a servant is within the scope of employment
> if, but only if:
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and
> space limits;
> (c) it is actuated, at least in part, by a purpose to serve the
> master, and
> (d) if force is intentionally used by the servant against
> another, the use of force is not unexpectable by the
> master.

*Matouk v. Michigan Mun. League Liab. & Prop. Pool*, 320 Mich. App. 402,

413-14, 907 N.W.2d 853, 861 (2017) (quoting Restatement of Agency 2d,

§ 228, p. 504). Defendant argues that its employees were acting outside of

the scope of their employment when they fought with Plaintiff. In particular,

there is no contention that Defendant should have expected that its

employees would use force against a customer. Plaintiff has not responded

to this argument, thereby abandoning this claim. ECF No. 34 at PageID

514; *Brown*, 545 Fed. Appx. at 372.

---

[1] Michigan recognizes exceptions to this general rule when "(a) the master intended the conduct or the consequences, (b) the master was negligent or reckless, or (c) the conduct violated a non-delegable duty of the master." *Zsigo*, 475 Mich. at 221. As discussed above, Plaintiff has not shown Family Dollar was negligent in hiring or supervising its employees. The parties do not argue that the other exceptions apply.

Plaintiff asserts that the issue is not whether the employees were acting within the scope of their employment, but "whether Defendant was grossly negligent in its failure to hire and train its employees which could have prevented this attack." *Id.* The court has previously addressed Plaintiff's negligent hiring argument, which is unavailing. In addition, Plaintiff has not established that the concept of gross negligence applies in this case. *See Jennings v. Southwood*, 446 Mich. 125 (1994); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 377 (6th Cir. 2009); *Genaw v. Garage Equip. Supply, Inc.*, 604 F. Supp. 3d 653, 661 (E.D. Mich. 2022) (explaining circumstances under which gross negligence survives in Michigan, such as in the context of certain statutory claims).

## ORDER

Plaintiff's claim boils down to one of negligent hiring, which she has failed to support as a matter of fact or law. Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment (ECF No. 24) is GRANTED.

Dated: October 11, 2023          s/George Caram Steeh
                                 HON. GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

- 9 -

```
CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
         October 11, 2023, by electronic and/or ordinary mail.


                      s/Michael Lang
                       Deputy Clerk
```

- 9 -